Robert M. Cohen (SBN 40134)
bob@bobcohenesq.com
**LAW OFFICES OF ROBERT COHEN**
301 N. Canon Drive, Suite 300
Beverly Hills CA 90210
Telephone: (310) 277-1127

Jason E. Luckasevic (PA State Bar 85557)
jluckasevic@gpwlaw.com
**GOLDBERG, PERSKY & WHITE, P.C.**
11 Stanwix Street, Suite 1800
Pittsburgh, PA 15222
Telephone: 412-471-3980
Fascimile: 412-471-8308
*(Admitted via Pro Hace Vice)*

William T. Gibbs (IL State Bar 6282949)
WTG@corboydemetrio.com
**CORBOY & DEMETRIO**
33 North Dearborn Street, 21st Floor
Chicago, IL 60602
Telephone: 312-346-3191
*(Admitted via Pro Hace Vice)*

UNITED STATE DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| KATHRYN ZIMMIE, | Case No: 2:21-cv-07853-AFM |
| Plaintiff, | PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS |
| vs. | |
| H. TY WARNER, and FAIRWAY BB PROPERTY, LLC | |
| Defendants. | |

1
RESPONSE TO MOTION TO DISMISS

# TABLE OF CONTENTS

I. INTRODUCTION………………………………………………………….4

II. LEGAL STANDARD……………………………………………………..4 - 5

III. ARGUMENT……………………………………………………………..5 - 13

   a. ZIMMIE adequately pleads Quiet Title claim against the Defendants……………………………………………………………….5 - 8

   b. ZIMME adequately pleads RICO claim against the Defendants……………………………………………………………...8 - 13

   c. Plaintiff should not be denied leave to amend………………………..13

IV. CONCLUSION…………………………………………………………..14

# TABLE OF AUTHORITIES

| **Cases** | **Pages** |
|---|---|
| Alderson v. Alderson, 180 Cal. App. 3d 450 (1986) | 6, 7 |
| Allwaste Inc. v. Hecht, 65 F.3d 1523 (9th Cir. 1995) | 9 |
| Ashcroft v. Iqbal, 556 U.S. 662 (2009) | 4 |
| James D. Banks v. Wells Fargo Bank, N.A., No. A156501, 2020 Cal. App. Unpub. LEXIS 5871 (Sep. 11, 2020) | 8 |
| Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) | 4 |
| Doe v. United States, 419 F.3d 1058 (9th Cir. 2005) | 4 |
| Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048 (9th Cir. 2003) | 13 |
| Gelow v. Central Pacific Mortgage Corp., 2008 WL 436935 (E.D. Cal. Feb. 14, 2008) | 10 |
| Hyman v. Hyman (Tex.Civ.App. 1954) 275 S.W.2d 149 | 7 |
| H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229 (1989) | 9, 11 |
| Ikuno v. Yip, 912 F.2d 306 (9th Cir. 1990) | 11 |
| Jewel v. NSA, 673 F.3d 902 (9th Cir. 2011) | 13 |
| Maglica v. Maglica, 66 Cal.App.4th 422 (Cal. Ct. App. 1998) | 6 |
| Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025 (9th Cir. 2008) | 13 |
| Marvin v. Marvin, 18 Cal.3d 660, 670-71 (Cal. 1976) | 7 |
| Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir. 2007) | 8 |
| Omer v. Omer (1974) 11 Wash.App. 386 | 7 |
| Painters and Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd. 943 F.3d 1243 (9th Cir. 2019) | 10 |
| Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) | 5 |
| Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 205 S.Ct. 3275 (1985) | 8 |
| Sun Sav. & Loan Ass'n v. Dierforff, 825 F.2d 187 (9th Cir. 1987) | 9 |
| Toney v. Nolder, (1985) 173 Cal.App.3d 791, 796 | 6 |
| U.S. Airline Pilots Ass'n v. Awappa, LLC, 615 F.3d 312, 319 (4th Cir. 2010) | 12 |
| **Statutes** | |
| Cal. Code Civ. Proc. 762.010 and 762.020 | 8 |
| Cal. Corporations Code 28043 | 8 |

## I. INTRODUCTION

Plaintiff responds to Defendants' Motion to Dismiss Plaintiff's Third (Quiet Title) and Seventh (Civil RICO) Causes of Action. Plaintiff has satisfied her threshold burden to plead facts putting Defendants on notice of the claims brought against them. Like everything else in this case, the parties disagree as to whether Plaintiff has a right to these claims. While the parties have made efforts to meet and confer about these claims, there is much information not in Plaintiff's possession which will be obtained through discovery to further substantiate her Quite Title and RICO claims, specifically as it relates to ownership of the property in question and ZIMMIE's injuries of identity theft and fraud. On the pleadings, the motion should be denied.

## II. LEGAL STANDARD

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all material allegations in the complaint – as well as any reasonable inferences to be drawn therefrom – as true and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005). A Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 597 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. The determination of whether a complaint satisfies the plausibility standard is a "context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The Ninth Circuit has stated that a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). In that same vein, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* Both claims for Quiet Title and civil RICO raised by the Defendants in their Motion to Dismiss easily meet the pleading standard. Thus, this Honorable Court should deny Defendants' Motion.

### III. ARGUMENT

#### a. ZIMMIE adequately pleads a Quiet Title action against Defendants

In her Complaint, Plaintiff ZIMMIE details the nature of the relationship which existed between her and Defendant WARNER, including the promises made to her throughout the entirety of this relationship (¶ 8, 10, 15, 16, 17, 39, 44, 50). Included in the promises made to Plaintiff ZIMMIE was the purchase, together, of the property located at 1000 Channel Drive (¶ 39). While title to the property is technically allegedly held by Defendant FAIRWAY (which is wholly controlled, operated, managed, and funded by Defendant WARNER, the CEO of Fairway), the fact remains that Defendant WARNER, individually and through his actions as the owner of FAIRWAY, promised an interest in the property at issue in this case to Plaintiff

ZIMMIE. Given his role as the sole member of FAIRWAY, Defendant WARNER, as CEO of Fairway, has the authority to bind FAIRWAY to promises made as he controls the assets of the company. Accordingly, based on the allegations contained in Plaintiff's Second Amended Complaint, an oral and/or implied contract exists between ZIMMIE and WARNER, related to ownership of the subject Channel Drive property.

California recognizes that "an oral agreement to purchase property together" can provide a sufficient basis for individuals engaged in a relationship to maintain an action to quiet title. <u>Alderson v. Alderson</u>, 180 Cal. App. 3d 450, 460-61, 225 Cal. Rptr. 610, 615 (1986) ("The parties may well expect that property will be divided in accord with the parties' own tacit understanding *and that in the absence of such understanding the courts will fairly apportion property accumulated through mutual effort*." (emphasis added)). *See also* <u>Maglica v. Maglica</u>, 66 Cal. App. 4th 442, 448 (Cal. Ct. App. 1998) *citing* <u>Toney v. Nolder</u>, (1985) 173 Cal. App. 3d 791, 796.

In <u>Alderson</u>, the trial court ruled in favor of the Plaintiff in a similar case and held that she was entitled to an undivided half interest in the parties' properties. 180 Cal. App. 3d at 461. On appeal, the reviewing court determined that the evidence supported a finding that the parties' conduct over the 12-year period they were together evidenced an implied contract between them to share equally any and all

property[1] acquired during the course of their relationship, as alleged in the complaint. Alderson v. Alderson, 180 Cal. App. 3d 450, 461, 225 Cal. Rptr. 610, 615 (1986)

As the California Supreme Court held in Marvin v. Marvin, 18 Cal.3d 660, 670-71 (Cal. 1976), nonmarital partners "may agree to pool their earnings and to hold all property acquired during the relationship in accord with the law governing community property." Id.  Indeed, "The courts may, when appropriate, employ principles of constructive trust (see Omer v. Omer (1974) 11 Wash. App. 386 [523 P.2d 957]) or resulting trust (see Hyman v. Hyman (Tex. Civ. App. 1954) 275 S.W.2d 149)." Marvin v. Marvin, 18 Cal. 3d 660, 684, 134 Cal. Rptr. 815, 831, 557 P.2d 106, 122 (1976)

Specifically related to the factual allegations in this matter, Plaintiff has provided Defendants with sufficient facts to establish that Defendant WARNER, through his company Defendant FAIRWAY, purchased the property at issue for both himself and ZIMMIE and each considered themselves to be "equal owners" of the property. (¶ 5, 40, 45).  Thus, WARNER made an oral promise to Plaintiff ZIMMIE regarding her ownership interest in the property representing that it was "their home together." (¶ 39). If the Court finds that such an agreement exists, and/or ZIMMIE satisfies the factual standard required to support this claim, the remedies will be

---

[1] Importantly, in Alderson, the Plaintiff was only listed on the title of 10/14 properties.

fashioned at a later date in this litigation. Certainly, these allegations raise questions of fact to be determined beyond the pleading stage following discovery.

The Defendant cites the unpublished opinion of <u>Banks v. Wells Fargo Bank</u> in support of its proposition that "only a legal title holder can assert a quiet title claim against another legal title holder," but disingenuously omits that court's observation that there exists a "limited exception permitting the holder of an equitable interest to maintain a quiet title action against a legal owner." <u>James D. Banks v. Wells Fargo Bank, N.A.</u>, No. A156501, 2020 Cal. App. Unpub. LEXIS 5871, at *18 (Sep. 11, 2020). This case meets that exception.

For purposes of this Motion, Plaintiff has provided sufficient facts to show that she has a cognizable claim to an interest in the property at issue. Furthermore, Plaintiff ZIMMIE has adequately pled an action to Quiet Title as she has named all persons known or unknown claiming an interest in the property. *See* Cal. Code Civ. Proc. 762.010 and 762.020. Pursuant to Cal. Corporations Code 28043, "person" can refer to a corporation. Accordingly, the persons with an interest in the property are properly named in Plaintiff's Second Amended Complaint and Plaintiff has provided sufficient facts to all parties involved to satisfy the pleading standards required for her Quiet Title claim.

    **b. Plaintiff has adequately pled a RICO claim against Defendant**

As an initial matter, when evaluating Plaintiff's RICO pleadings, the United States Supreme Court and Ninth Circuit mandate that "RICO is to be read broadly"

and "liberally construed to effectuate its remedial purpose." <u>Sedima, S.P.R.L. v. Imrex Co.</u>, 473 U.S. 479, 497-98, 205 S.Ct. 3275, 87 L.Ed. 2d 346 (1985) and <u>Odom v. Microsoft Corp.</u>, 486 F.3d 541, 547 (9th Cir. 2007). Specifically related to Plaintiff's allegations of closed-end continuity RICO claims, there is no "hard and fast, bright line" rule as to what period of time is sufficient to establish the requisite RICO pattern. <u>Allwaste Inc. v. Hecht</u>, 65 F.3d 1523, 1528 (9th Cir. 1995).

ZIMMIE has adequately pled RICO violations which satisfy the concepts of "closed-ended" (past conduct occurring over a considerable length of time) and/or "open-ended" continuity (a pattern of conduct that carries a threat of repetition into the future). *See generally* <u>H.J. Inc. v. Nw. Bell Tel. Co.</u>, 492 U.S. 229, 241 (1989). Continuity of racketeering activity may be shown "in a variety of ways." Id. Continuity can be open-ended by way of "past conduct that by its nature projects into the future with a threat of repetition." *Id*. "As long as the threat of continuing activity exists at some point during the racketeering activity, the continuity requirement is satisfied." <u>Sun Sav. & Loan Ass'n v. Dierforff</u>, 825 F.2d 187, 194 (9th Cir. 1987).

The "common purpose" at issue in ZIMMIE's pleading relates to WARNER and his business partner's (the Enterprise's) efforts to channel money through fraudulent corporations. The motives for this conduct remain largely unknown – maybe for tax evasion, maybe to simply keep the Plaintiff in the dark on her holdings and solvency. But the Complaint details the manner by which Defendant WARNER misappropriated Plaintiff's identity, created a fraudulent company in her name, and

the harm (emotional distress, identity theft, and financial burden) Plaintiff ZIMMIE suffers and may suffer indefinitely as a result of the Defendant's conduct. *See* Plaintiff's Second Amended Complaint at ¶¶ 96, 98, 101, 103, 107, and 113. This provides Plaintiff with standing to support her RICO claims. *See* <u>Painters and Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd.</u> 943 F.3d 1243 (9th Cir. 2019) (reversing 12(b)(6) dismissal of plaintiffs' RICO claim based on lack of standing, noting: "Because plaintiffs were immediate victims of Defendants' alleged fraudulent scheme…the alleged RICO violation (conspiracy to commit mail and wire fraud violative of 18 U.S.C. §§ 1341, 1343) has a direct relation to Plaintiffs' alleged harm.").

At this point, based on the requirements for the pleading stage and a Motion to Dismiss, Defendants have been provided with ample notice and factual information to identify Plaintiff's claims.

Not only has WARNER pled guilty to the crime of tax evasion in 2014, but the actions at issue in this matter related to the fraudulent creation of a company in ZIMMIE's name show a continuing pattern of efforts to engage in tax evasion and fraudulent business transactions. These allegations on their face and taken in the light most favorable to Plaintiff support a finding of both "closed-continuity" and "open-ended continuity."

From a "closed-continuity" perspective, "predicate acts carrying out a single scheme or occurring over a short period of time meet § 1962's pattern requirement." Gelow v. Central Pacific Mortgage Corp., 2008 WL 436935 at *3 (E.D. Cal. Feb. 14, 2008). Furthermore, despite WARNER's argument that the predicate acts have ceased and were allegedly "one-time events" despite transfers taking place from 2018 through 2020 (over two years), the Ninth Circuit recognizes that closed-end continuity can be found when a threat ceases to exist due to the closure of a business. *See* Ikuno v. Yip, 912 F.2d 306, 309 (9th Cir. 1990) (holding two filings of false annual reports sufficient to constitute pattern even when company associated with reports ceased doing business. The court also found that the individual's actions also carried with them a threat of continuity).

The actions of WARNER in this matter also satisfy the "open-ended" continuity standard as it is an example of "past conduct that by its nature projects into the future with a threat of repetition." H.J. Inc., 492 U.S. at 241. Despite the allegation that the romantic partnership between ZIMMIE and WARNER has concluded, Plaintiff has pled that WARNER used a fraudulent Power of Attorney document to control the company and other unsigned documents creating the company to perpetrate his RICO actions. (¶ 103-104). Given his past history of tax evasion, and the actions specifically related to the fraudulent creation of a company in ZIMMIE's name, there is no guarantee that WARNER has not already, or will not in the future, continue to use these fraudulent documents to engage in the same conduct. The basis

of Plaintiff's claims for damages in this matter stem from "promises" made to ZIMME by WARNER regarding the items at issue in this case. If WARNER had actually made good on these promises, Plaintiff would not be in the position to have to file a lawsuit against WARNER. While it is convenient for Defendant to allege that the conduct at issue by WARNER has ceased and will not continue into the future, this "promise" may be as empty as the other assurances made by WARNER throughout his relationship with ZIMMIE. Accordingly, the pleadings, along with all reasonable inferences therefrom and based on common sense, permit this Honorable Court to deny Defendants' Motion to Dismiss related to the RICO claims to effectuate the "remedial purpose [of the RICO action]." Sedmia, 473 U.S. at 497-98. Furthermore, there was no "built-in ending point" to WARNER's alleged scheme as it would have continued indefinitely without Plaintiff's knowledge. U.S. Airline Pilots Ass'n v. Awappa, LLC, 615 F.3d 312, 319 (4th Cir. 2010).

Regarding the issue of standing to bring her RICO claim, Defendants conveniently argue that because WARNER set up a fraudulent company in Plaintiff's name which has incurred its own liability, and not ZIMMIE personally, thus Plaintiff does not have standing to bring her RICO claims against WARNER. This argument must fail as Plaintiff has not had adequate opportunity through discovery to develop her claims and figure out how often Defendant WARNER has misappropriated her identity for his own gain (¶113). Accordingly, dismissal of Plaintiff's clear allegations of identify theft, fraud, and other crimes stemming from the creation of this fraudulent

company require the opportunity to develop in discovery. While Plaintiff has alleged legitimate injuries she has suffered as a result of the WARNER's actions, the extent of the damage done to Plaintiff will not be fully realized until all information in the Defendants' possession is provided to Plaintiff as ZIMMIE only first became aware of such company after January 2021 in response to putting WARNER on notice of filing this action. (¶ 21). This includes further developing the individuals compromising Defendant WARNER's Enterprise and additional damages Plaintiff ZIMMIE may have, or continue, to suffer as a result of Defendant WARNER's criminal acts.

### c. Plaintiff should not be denied leave to amend

Nonetheless, should this Honorable Court dismiss certain claims, the Plaintiff, *arguendo*, requests leave to re-plead.

The Ninth Circuit has held that "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003). Specifically related to the issues raised by Defendants related to her claims, if needed, Plaintiff could amend to further identify all damages caused by Defendant WARNER's RICO violations; likewise, discovery will likely reveal additional fraudulent conduct by WARNER while misappropriating ZIMMIE's identity and committing additional fraud. Thus, this Honorable Court should not deny Plaintiff's right to amend her pleadings at this early stage of the litigation, as it is not

supported by the caselaw in the Ninth Circuit. *See* <u>Jewel v. NSA</u>, 673 F.3d 902, 907 n.3 (9th Cir. 2011) (holding that the district court erred in denying leave to amend where it "sua sponte dismissed the complaint on standing grounds" without providing the plaintiff with "an opportunity to remedy any perceived defects in the complaint" (*quoting* <u>Manzarek v. St. Paul Fire & Marine Ins. Co.</u>, 519 F.3d 1025, 1034 (9th Cir. 2008))).

## IV.   CONCLUSION

Based on all of the foregoing, Plaintiff respectfully request this Honorable Court deny Defendants' Motion to Dismiss her Quiet Title and RICO claims, and allow the parties to conduct discovery on these, and all, matters. In the event that this Honorable Court does believe there are grounds for dismissal, Plaintiff requests this Honorable Court provide Plaintiff leave to amend her Complaint.

DATE: <u>January 11, 2022</u>           Respectfully submitted,

/s/ William T. Gibbs
William T. Gibbs
CORBOY & DEMETRIO, P.C.
Attorneys for Plaintiff
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
(312) 346-3191
wtg@corboydemetrio.com
*Admitted Pro Hac Vice*

/s/ Robert M. Cohen
Robert M. Cohen (SBN 40134)
LAW OFFICES OF ROBERT M. COHEN
Attorney for Plaintiff
301 North Canon Drive, Suite 300
Beverly Hills, California 90210
(310) 277-1127
office@bobcohenesq.com

/s/ Jason R. Lukasevic
Jason E. Lukasevic
GOLDBERG PERSKY WHITE P.C.
Attorney for Plaintiff
11 Stanwix Street, Suite 1800
Pittsburgh, PA 15222
(412) 471-3980
jluckasevic@gpwlaw.com
*Admitted Pro Hac Vice*