1   Jared M. Katz (SBN 173388)
        jkatz@mullenlaw.com
2   MULLEN & HENZELL L.L.P.
3   112 East Victoria Street
    Santa Barbara, CA 93101
4   Telephone: (805) 966-1501
    Facsimile: (805) 966-9204

5   Gregory J. Scandaglia (pro hac vice)
6       gscandaglia@scandagliaryan.com
    Therese L. Tully (pro hac vice)
7       ttully@scandagliaryan.com
    SCANDAGLIA RYAN LLP
8   55 East Monroe Street, Suite 3440
    Chicago, IL 60603
9   Telephone: (312) 580-2020
    Facsimile: (312) 782-3806
10

11  *Attorneys for Defendants H. Ty Warner*
    *and Fairway BB Property, LLC*
12

13          **IN THE UNITED STATES DISTRICT COURT FOR THE**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15

16  KATHRYN ZIMMIE,                        Case No. 21-cv-07853-AFM

17          Plaintiff,                     **DEFENDANTS H. TY WARNER AND**
                                           **FAIRWAY BB PROPERTY, LLC'S**
18      v.                                 **REPLY IN SUPPORT OF THEIR**
                                           **MOTION TO DISMISS**
19  H. TY WARNER, and FAIRWAY BB
20  PROPERTY, LLC,

21          Defendants.                    Judge: Hon. Alexander F. MacKinnon

22

23

24

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

# **TABLE OF CONTENTS**

I.   ARGUMENT ..........................................................................................1

    A.   PLAINTIFF HAS NOT STATED A VIABLE QUIET TITLE CLAIM. .................................................................................1

        1.   Plaintiff Cannot State a Quiet Title Claim against Fairway Because Fairway Holds Sole Legal Title to the Subject Property. ..................................................................................1

        2.   Plaintiff Cannot State a Quiet Title Claim against Warner Because Plaintiff Has Not Alleged Facts Plausibly Showing Warner Has an Interest in the Subject Property. ............................3

    B.   PLAINTIFF HAS NOT STATED A VIABLE RICO CLAIM. ...............6

        1.   Plaintiff Has Not Alleged a Pattern of Racketeering Activity .......7

            i.   Plaintiff has not plausibly alleged open-ended continuity. ..................................................................7

            ii.   Plaintiff has not plausibly alleged closed-ended continuity. ..................................................................9

        2.   Plaintiff Does Not Have Statutory Standing to Bring a RICO Claim. ..................................................................11

            i.   Plaintiff has not alleged any injury to her business or property sufficient to confer statutory standing...........................12

            ii.   Any alleged personal injury suffered by Plaintiff cannot confer statutory standing. ..................................................15

        3.   Plaintiff Has Not Alleged the Existence of an Enterprise. ...........16

    C.   PLAINTIFF CANNOT DISREGARD THE PLEADING REQUIREMENTS IMPOSED BY THE FEDERAL RULES OF CIVIL PROCEDURE. ..........................................................................16

    D.   PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO RE-PLEAD. ..................................................................................17

ii

II.   CONCLUSION ................................................................................................20

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

1

## **TABLE OF AUTHORITIES**

2

**Cases**

3    *Ahn v. Hanil Dev., Inc.*, 471 Fed. App'x. 615 (9th Cir. 2012) ...............................13, 14

4    *Ainsworth v. Owenby*, 326 F. Supp. 3d 1111 (D. Or. 2018).......................................15

5    *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................16

6    *Aversano v. Greenberg Traurig, LLP*, 753 F. Supp. 2d 1063 (C.D. Cal.

7      2010).........................................................................................................................15

8    *Banks v. Wells Fargo Bank, N.A.*, 2020 WL 5495154 (Cal. Ct. App. Sept.
     11, 2020).................................................................................................................2, 3

9    *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969 (9th Cir. 2008) ....................14

10    *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003).............17, 18, 19

11    *Gelow v. Central Pacific Mortgage Corporation*, 2008 WL 436935 (E.D.

12      Cal. Feb. 14, 2008) ................................................................................................9, 10

13    *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160 (E.D. Cal. 2010) ..................4

14    *Hernandez v. County of San Bernardino*, 2021 WL 4497934 (C.D. Cal.
     Aug. 13, 2021)........................................................................................................2, 16

15    *Hill v. Opus Corp.*, 841 F. Supp. 2d 1070 (C.D. Cal. 2011) .......................................13

16    *Hinkle v. Home123*, 2018 WL 6112633 (C.D. Cal. July 27, 2018) ..............................4

17    *In re Opus E., LLC*, 528 B.R. 30 (Bankr. D. Del. 2015) .............................................13

18    *Jewel v. Nat'l Sec. Agency*, 673 F.3d 902 (9th Cir. 2011)..........................................19

19    *Kempis v. NCB, FSB*, 2015 WL 7571746 (Cal. Ct. App. Nov. 24, 2015)....................2

20    *Marina Point Dev. Associates v. United States*, 364 F. Supp. 2d 1144 (C.D.

21      Cal. 2005) ................................................................................................................12

22    *McGowan v. Weinstein*, 505 F. Supp. 3d 1000 (C.D. Cal. 2020).................8, 9, 10, 11

23    *Medallion Television Enter., Inc. v. SelecTV of California, Inc.*, 833 F.2d
     1360 (9th Cir. 1987) ..............................................................................................7, 8

24

*Metaxas v. Lee*, 503 F. Supp. 3d 923 (N.D. Cal. 2020)...................................................7

*Mir v. Greines, Martin, Stein & Richland*, 2015 WL 4139435 (C.D. Cal. Jan. 12, 2015) ............................................................................9, 10

*Mocha Mill, Inc. v. Port of Mokha, Inc.*, 2019 WL 1048252 (N.D. Cal. Mar. 5, 2019)............................................................................................9

*Mujica v. AirScan Inc.*, 771 F.3d 580 (9th Cir. 2014) ...................................................17

*Nugent v. Saint Agnes Med. Ctr.*, 53 Fed. App'x. 828 (9th Cir. 2002) .........................9

*Oren v. Dromy*, 2019 WL 12383079 (C.D. Cal. Nov. 21, 2019) ...............................15

*Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharmaceuticals Co. Ltd.*, 943 F.3d 1243 (9th Cir. 2019) .....................................14

*Palantir Techs. Inc. v. Abramowitz*, 2021 WL 2400979 (N.D. Cal. June 11, 2021)...............................................................................................passim

*Palantir Techs., Inc. v. Abramowitz*, 2020 WL 9553151 (N.D. Cal. July 13, 2020)............................................................................................9, 10

*Pallamary v. Elite Show Services, Inc.*, 2018 WL 3064933 (S.D. Cal. June 19, 2018)............................................................................................17

*Quillinan v. Ainsworth*, 2018 WL 2151936 (N.D. Cal. May 10, 2018)..............passim

*Royce Int'l Broad. Corp. v. Field*, 2000 WL 236434 (N.D. Cal. Feb. 23, 2000)............................................................................................6, 12

*Sean Cheung Tong v. Tom*, 2018 WL 2207127 (D. Haw. May 14, 2018) .................17

*Sever v. Alaska Pulp Corp.*, 978 F.2d 1529 (9th Cir. 1992)..............................9, 10, 11

*Sinclair v. Fox Hollow of Turlock Owners Ass'n*, 2011 WL 2433289 (E.D. Cal. June 13, 2011)....................................................................................4

*Smith v. McNulty*, 2020 WL 3866948 (Cal. Ct. App. July 9, 2020)...........................13

*Stewart Title Guar. Co. v. 2485 Calle Del Oro, LLC*, 2018 WL 3222610 (S.D. Cal. June 19, 2018) ..........................................................................7, 10

*West v. JPMorgan Chase Bank, N.A.*, 154 Cal. Rptr. 3d 285 (Ct. App. 2013) ............4

*Yeganeh v. Mayorkas*, 2021 WL 5113221 (N.D. Cal. Nov. 3, 2021) ...................2, 16

v

**Statutes**

DEL. CODE ANN. TIT. 6, § 18-701 (West).........................................................................4

**Rules**

FED. R. CIV. P. 9 .........................................................................................................7

**Other Authorities**

1 Larry Ribstein et al., *Ribstein and Keatinge on Ltd. Liab. Cos.* (2021-2022 ed.) ..............................................................................................................................4

J. William Callison & Maureen A. Sullivan, *Limited Liability Companies* (2021 ed.)..................................................................................................................4

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants H. Ty Warner ("Warner") and Fairway BB Property, LLC ("Fairway") (collectively, "Defendants") have moved to dismiss Plaintiff Kathryn Zimmie's ("Plaintiff") Third Cause of Action for quiet title and her Seventh Cause of Action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). In their Motion to Dismiss (the "Motion"), Defendants identified multiple deficiencies in each cause of action that Plaintiff has not cured despite three opportunities to do so. Plaintiff's Opposition fails to refute any of Defendants' arguments and only further confirms that she is unable to cure the fatal flaws in her quiet title and RICO claims. Indeed, Plaintiff does not describe any proposed amendment that might save either of the claims challenged in the Motion. The Court should therefore dismiss both claims without leave to re-plead.

## I.   ARGUMENT

## A.   PLAINTIFF HAS NOT STATED A VIABLE QUIET TITLE CLAIM.

Defendants' Motion identified two incurable deficiencies in Plaintiff's Third Cause of Action seeking to quiet title against Fairway and Warner. First, Plaintiff does not hold legal title to the Channel Drive Property and therefore she cannot, as a matter of law, assert a quiet title claim against Fairway, which is the sole holder of legal title to the property. Second, Plaintiff has not stated a quiet title claim against Warner because, after three attempts, she has failed to allege any facts demonstrating that Warner has any adverse interest in the Channel Drive Property. In response, Plaintiff's Opposition ignores controlling legal principles, attempts to impermissibly disregard the corporate separateness of Fairway and Warner, and relies on undeveloped and unsupported assertions. None of Plaintiff's arguments is sufficient to sustain her quiet title claim.

### 1. Plaintiff Cannot State a Quiet Title Claim against Fairway Because Fairway Holds Sole Legal Title to the Subject Property.

As explained in Defendants' opening brief, Plaintiff cannot assert a quiet title claim against Fairway because Fairway is the sole holder of legal title to the Channel

1

Drive Property.  In her Opposition, Plaintiff does not challenge much of Defendants' argument.  She does not dispute that only a legal title holder can bring a quiet title action against another legal title holder, a principle which is fatal to her claim against Fairway.  *Banks v. Wells Fargo Bank, N.A.*, 2020 WL 5495154, at *8 (Cal. Ct. App. Sept. 11, 2020); *Kempis v. NCB, FSB*, 2015 WL 7571746, at *4 (Cal. Ct. App. Nov. 24, 2015).  She concedes in her Opposition (and in her Second Amended Complaint) that Fairway is the sole holder of legal title to the property.  (Plaintiff's Opposition, Dkt No. 46, at 5; SAC, Dkt No. 41, ¶¶ 3, 40-41.)  And she implicitly concedes that she never has held legal title to the Channel Drive Property.  These legal principles and allegations, which Plaintiff does not challenge, establish that she has not and cannot assert a quiet title claim against the legal title holder of the subject property, which is Fairway.  *Kempis*, 2015 WL 7571746, at *4.

Plaintiff's sole argument in her Opposition with respect to her quiet title claim against Fairway rests on her one sentence assertion that her flawed claim is saved by an exception to the rule that only a legal title holder can maintain a quiet title action against another holder of legal title.  (Plaintiff's Opposition, Dkt. No. 46, at 8.)  However, Plaintiff makes this argument without even stating what the exception is, much less developing an argument, pointing to pertinent allegations in the Second Amended Complaint, or citing legal authority that would support the application of the exception here.  It is well established that, where a party does not develop an argument in its submissions to the court, that argument is waived.  *Yeganeh v. Mayorkas*, 2021 WL 5113221, at *10 (N.D. Cal. Nov. 3, 2021); *Hernandez v. County of San Bernardino*, 2021 WL 4497934, at *8 (C.D. Cal. Aug. 13, 2021).  Plaintiff has therefore waived any argument that an exception provides a ground to sustain her quiet title claim against Fairway.

Even if Plaintiff had properly raised the argument (which she has not), she would fare no better on the merits.  The exception referenced in passing by Plaintiff "is relatively narrow" and "has been recognized primarily in cases" where legal title

2

was obtained by fraud or the holder of legal title breached a fiduciary duty to the plaintiff. *Banks*, 2020 WL 5495154, at *8. This exception has no application here.[1] Plaintiff has not and cannot allege that Fairway obtained legal title to the Channel Drive Property through fraud or that it owed any fiduciary duty to Plaintiff. Plaintiff's decision to relegate this failed argument to a single sentence serves as an acknowledgement of its inapplicability.

The legal principles that govern Plaintiff's quiet title claim against Fairway are straightforward and dispositive. Fairway's status as the sole holder of legal title precludes any quiet title claim. Although a narrow exception exists, Plaintiff has waived any argument that the exception applies and, on the merits, no such argument could be viable. Plaintiff has not alleged any facts that could support the application of the exception (despite three chances to do so) and has not even claimed in her Opposition that she could allege such facts consistent with Federal Rule of Civil Procedure 11. The Court therefore should dismiss Plaintiff's quiet title claim against Fairway without leave to re-plead.

### 2. Plaintiff Cannot State a Quiet Title Claim against Warner Because Plaintiff Has Not Alleged Facts Plausibly Showing Warner Has an Interest in the Subject Property.

In her Third Cause of Action, Plaintiff also asserts a quite title claim against Warner individually. (SAC, Dkt. No. 41, ¶ 51.) As explained in Defendant's opening brief, a quiet title claim can only be asserted against a defendant where the

---

[1] Plaintiff claims Defendants "disingenuously" omitted the *Banks* court's observation that there is a limited exception. (Plaintiff's Opposition, Dkt. No. 46, at 8.) That accusation is baseless. Plaintiff concedes that Defendants correctly stated the general rule, as set forth in *Banks*, on which Defendants' argument turns. Plaintiff did not raise the exception in the parties' meet and confer under Local Rule 7-3, and the exception clearly has no application here for the reasons explained in this brief. Defendants had no obligation to affirmatively raise a theoretical and meritless counterargument that Plaintiff had never previously raised herself.

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

1   complaint contains allegations demonstrating that the defendant has an adverse
2   interest in the subject property. *Hinkle v. Home123*, 2018 WL 6112633, at \*6-7
3   (C.D. Cal. July 27, 2018); *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160,
4   1177 (E.D. Cal. 2010); *West v. JPMorgan Chase Bank, N.A.*, 154 Cal. Rptr. 3d 285,
5   303 (Ct. App. 2013). Plaintiff has not alleged any such facts here, and her
6   Opposition offers no support for a contrary conclusion.

7       Plaintiff affirmatively alleges that Fairway is the sole holder of legal title to the
8   Channel Drive Property. (SAC, Dkt No. 41, ¶ 3; *see also* Exhibit A to SAC, Dkt. No.
9   41-1.) Plaintiff's only basis for asserting a quiet title claim against Warner is that he
10  is the Chief Executive Officer, sole member, and manager of Fairway. (SAC, Dkt.
11  No. 41, ¶¶ 42, 48, 51.) However, an LLC has a separate legal existence, and neither
12  its managers nor its members have any ownership or possessory interest in the LLC's
13  property. 1 Larry Ribstein et al., *Ribstein and Keatinge on Ltd. Liab. Cos.* § 8:2
14  (2021-2022 ed.) ("[N]either individually nor collectively do the members have a
15  direct ownership or possessory interest in the LLC's property."); J. William Callison
16  & Maureen A. Sullivan, *Limited Liability Companies* § 4:1 (2021 ed.); *see also* DEL.
17  CODE ANN. TIT. 6, § 18-701 (West); *Sinclair v. Fox Hollow of Turlock Owners Ass'n*,
18  2011 WL 2433289, at \*4 (E.D. Cal. June 13, 2011). Warner's status as a member
19  and manager of Fairway thus is inadequate to plausibly give rise to an interest in his
20  individual capacity in the Channel Drive Property.

21      In her Opposition, Plaintiff does not point to any allegations in her Second
22  Amended Complaint that would demonstrate Warner ever acquired an interest in the
23  subject property in his individual capacity. Instead, without citing a single case to
24  support her argument, Plaintiff argues that such an interest should be imputed to him
25  because he allegedly has the authority to bind Fairway through his purported
26  "control[]" of "the assets of the company" and he allegedly made an oral promise, in
27  his personal capacity, that Plaintiff and he would share the house together.

28

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

(Plaintiff's Opposition, Dkt. No. 46, at 6.)  Neither of these arguments can salvage Plaintiff's quiet title claim against Warner.

Plaintiff's first contention is nothing more than a bald assertion that the Court should disregard the fundamental principle of corporate separateness without any legitimate justification for doing so.  In making that argument, Plaintiff does not claim – and certainly has not alleged – any basis for veil piercing or any other reason recognized in the law for ignoring Fairway's distinct legal existence.  While Plaintiff makes a vague reference to Warner's "control" over Fairway, the Second Amended Complaint does not allege that Warner exercised any control except to the extent he is a manager and member of the LLC.  As the authority cited above demonstrates, one's status as a manager and member does not, as a matter of law, give rise to a personal interest in an LLC's assets.  Plaintiff does not distinguish or even address any of that authority or the legal principles discussed in them.  Plaintiff thus cannot escape their dispositive application.

In a misguided effort to distract from the controlling legal principle that a member or manager of an LLC has no interest in the property of the LLC, Plaintiff devotes several pages of her Opposition to trying to establish the nature of *her own* interest in the Channel Drive Property based on a purported oral promise that Warner and she would share the property. (Plaintiff's Opposition, Dkt. No. 46, at 6-7.) Defendants will strongly contest that false and legally baseless theory as the case proceeds.  For the purposes of the present Motion, however, the argument is inapposite.  Defendants' Motion is based on the lack of allegations in the Second Amended Complaint establishing that *Warner individually* held an interest in the subject property.  None of the cases cited by Plaintiff supports the argument that Warner's role as a member and manager of Fairway gives rise to an individual interest in Fairway's property, which is what Plaintiff must show to assert a quiet title claim against him.  Indeed, none of the cases even discusses whether a plaintiff may

assert a quiet title action against a member of an LLC when the LLC holds legal title to the property at issue.[2]

After three opportunities to plead, Plaintiff still has not alleged any facts plausibly showing Warner has an adverse interest in the Channel Drive Property. Plaintiff's Second Amended Complaint and her Opposition demonstrate that the sole basis for her claim against Warner individually is his status as a manager and member of Fairway, which is insufficient as a matter of law to sustain a claim. Plaintiff does not even try to identify any new facts she might allege to support her quiet title against Warner if she were granted leave to re-plead. The Court therefore should dismiss this claim with prejudice.

## B. **PLAINTIFF HAS NOT STATED A VIABLE RICO CLAIM.**

Plaintiff's RICO claim is baseless. This case arises out of allegations of a soured business and personal relationship. It has nothing to do with the type of organized, long-term criminal activity that RICO was enacted to address. *Royce Int'l Broad. Corp. v. Field*, 2000 WL 236434, at *4 (N.D. Cal. Feb. 23, 2000). As Defendants demonstrated in the Motion, Plaintiff's attempt to manufacture an inflammatory claim is so flawed that she cannot satisfy three essential elements of a RICO claim. Plaintiff's scattershot Opposition confirms as much. Plaintiff ignores most of the arguments that Defendants raised in the Motion and offers nothing to refute Defendants' careful analysis of the factual allegations contained in the Second Amended Complaint and the governing legal framework. Plaintiff instead falls back largely on conclusory and vague accusations of misconduct and unfounded speculation about what she imagines she might uncover in discovery or what Warner might do in the future. These reckless assertions lack any grounding in the applicable

---

[2] All of the cases cited by Plaintiff at pages 6 and 7 of her Opposition are distinguishable because, in each, the subject property was either titled in the name of both the plaintiff and the defendant or titled in the name of the defendant. Here, by contrast, Plaintiff has not and cannot allege that Warner has title to the property.

law or the factual allegations of Plaintiff's own complaint.  The three deficiencies with Plaintiff's RICO claim that Defendants identified in the Motion remain, and each provides an independently sufficient basis for dismissal.  Thus, Plaintiff's Seventh Cause of Action should be dismissed with prejudice.

### 1.  Plaintiff Has Not Alleged a Pattern of Racketeering Activity.

As explained in the Motion, the pattern element is at the core of a RICO claim and must be coherently applied to ensure the "rational development of RICO law" and "limit[] the reach" of the statute "to its intended target." *Medallion Television Enter., Inc. v. SelecTV of California, Inc*., 833 F.2d 1360, 1363 (9th Cir. 1987) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 528 (1985) (Powell, J., dissenting).  Consequently, to state a RICO claim, a plaintiff must allege facts showing "a threat of *continued* criminal activity" sufficient to establish closed-ended continuity or open-ended continuity. *Metaxas v. Lee*, 503 F. Supp. 3d 923, 944 (N.D. Cal. 2020) (quoting *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004)) (emphasis added).  When, as here, a RICO claim sounds in fraud, the pattern element must be pled with the particularity demanded by Federal Rule of Civil Procedure 9(b).  FED. R. CIV. P. 9(b); *Stewart Title Guar. Co. v. 2485 Calle Del Oro, LLC*, 2018 WL 3222610, at \*18 (S.D. Cal. June 19, 2018).  Plaintiff has not satisfied her pleading burden with respect to either type of continuity.

### i.  Plaintiff has not plausibly alleged open-ended continuity.

To plead open-ended continuity, Plaintiff must plausibly allege predicate acts that "include a specific threat of repetition extending indefinitely into the future."[3]

---

[3] Open-ended continuity also may be established by predicate acts that are "part of an ongoing entity's regular way of doing business." *Palantir*, 2021 WL 2400979, at \*7 (quoting *Mocha Mill, Inc.*, 2019 WL 1048252, at \*10).  Defendants explained in the Motion why that alternative is not satisfied by the Second Amended Complaint. (Motion, Dkt. No. 44-1, at 12-13.)  Defendants' argument need not be repeated here because Plaintiff does not address the "regular way of doing business" prong in her Opposition.

7

*Palantir Techs. Inc. v. Abramowitz*, 2021 WL 2400979, at *7 (N.D. Cal. June 11, 2021) (quoting *Mocha Mill, Inc. v. Port of Mokha, Inc.*, 2019 WL 1048252, at *10 (N.D. Cal. Mar. 5, 2019)).  In the Second Amended Complaint, Plaintiff purports to rely on supposed predicate acts of identity theft and wire fraud.  However, Plaintiff's own allegations state that no such acts have occurred for more than a year, with the supposed misuse of her identity taking place in January 2018 and the wire transfers ending in 2020.  An alleged scheme that, according to Plaintiff's own claim, ended more than one year ago cannot plausibly present a threat continuing indefinitely into the future.  That is particularly true here as, according to the Second Amended Complaint, the primary purpose of the alleged scheme was eliminated in November 2020 when Plaintiff terminated her relationship with Warner.[4]  (*See* SAC, Dkt. No. 41, ¶¶ 5, 31, 96.)  Because Plaintiff has not only failed to allege facts showing a threat of future repetition but also has alleged facts affirmatively showing no such threat could plausibly exist, Plaintiff cannot state a claim based on open-ended continuity.  *Medallion Television Enter., Inc.*, 833 F.2d at 1364; *McGowan v. Weinstein*, 505 F. Supp. 3d 1000, 1013-14 (C.D. Cal. 2020).

In her Opposition, Plaintiff does not cite any factual allegations that can satisfy the pleading standard for open-ended continuity.  Plaintiff instead turns to speculation that lacks any grounding in the Second Amended Complaint, asserting there is "no guarantee" Warner will not engage in hypothetical and undefined misconduct in the future.  (Plaintiff's Opposition, Dkt. No. 46, at 11; *see also id.* at 12 (speculating about potential "empty" promises).)  Such an assertion reflects a disregard for the pleading standards that Plaintiff must satisfy at the motion to dismiss stage.  Under the Federal Rules of Civil Procedure, including the heightened

---

[4] Although Plaintiff now claims in her Opposition that the motives for the purported scheme "remain largely unknown," her own allegations state that Warner primarily intended to "deceive and defraud" her and "perpetuate" her relationship with him. (SAC, Dkt. No. 41, ¶ 96.)

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

pleading standard under Rule 9(b), Plaintiff must allege specific facts plausibly showing an ongoing, specific risk of future misconduct as part of the same alleged scheme in order to plead open-ended continuity. *Palantir Techs. Inc.*, 2021 WL 2400979, at \*10; *see also Mocha Mill, Inc.*, 2019 WL 1048252, at \*10 (rejecting argument that open-ended continuity can be pled merely by alleging previous misconduct). No such facts are contained in the Second Amended Complaint. Plaintiff thus has not pled a viable claim based on open-ended continuity.

ii.  <u>Plaintiff has not plausibly alleged closed-ended continuity.</u>

As a matter of law, closed-ended continuity does not exist when there is "a single alleged fraud with a single victim." *Nugent v. Saint Agnes Med. Ctr.*, 53 Fed. App'x. 828, 829 (9th Cir. 2002) (quoting *Medallion Television Enter., Inc.*, 833 F.2d at 1363). That is true even if the scheme extends for years, is perpetrated through a large number of predicate acts, and involves multiple participants. *Palantir Techs., Inc. v. Abramowitz*, 2020 WL 9553151, at \*15 (N.D. Cal. July 13, 2020); *Mir v. Greines, Martin, Stein & Richland*, 2015 WL 4139435, at \*20 (C.D. Cal. Jan. 12, 2015). As explained in Defendants' opening brief, this principle is dispositive here. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535-36 (9th Cir. 1992); *Palantir Techs. Inc.*, 2021 WL 2400979, at \*7-10; *McGowan*, 505 F. Supp. 3d at 1012-13. Plaintiff has alleged no more than a single episode (the use of an improperly-formed LLC to transfer funds) directed at a single victim (Plaintiff) to achieve one central purpose (defrauding and deceiving Plaintiff to perpetuate her relationship with Warner). Even accepting Plaintiff's allegations as true for the purposes of this Motion, such a scheme cannot satisfy closed-ended continuity as a matter of law.

In her Opposition, Plaintiff attempts to distort this legal framework by citing *Gelow v. Central Pacific Mortgage Corporation*, 2008 WL 436935 (E.D. Cal. Feb. 14, 2008), for the proposition that a "single scheme" can give rise to closed-ended continuity. (Plaintiff's Opposition, Dkt. No. 46, at 11.) However, Plaintiff's reliance on *Gelow* reflects a failure to appreciate the distinction between "a single alleged

9

fraud with a single victim" and a single scheme that involves multiple victims and multiple episodes of fraud.  In *Gelow*, the court did not in any way purport to disrupt the oft-recognized principle that "RICO's continuity requirement is not satisfied if plaintiffs have merely alleged a single fraud perpetrated on a single victim." *Palantir Techs., Inc.*, 2020 WL 9553151, at *15 (quoting *United Energy Owners Comm., Inc. v. U.S. Energy Mgmt. Sys., Inc.*, 837 F.2d 356, 360 (9th Cir. 1988)); *see also Sever*, 978 F.2d at 1535-36; *Palantir Techs. Inc.*, 2021 WL 2400979, at *7-10; *McGowan*, 505 F. Supp. 3d at 1012-13.  Instead, the court was confronted with a scheme that involved ***eleven*** separate victims targeted across seven years in various separate episodes of fraud.  *Gelow*, 2008 WL 436935, at * 4.  No such multi-victim, multi-episode scheme has been alleged in this case.  *Gelow* thus is inapposite.

Plaintiff's next tact is to try to expand the scope of Defendants' purported scheme into a "continuing pattern of efforts to engage in tax evasion and fraudulent business transactions." (Plaintiff's Opposition, Dkt. No. 46, at 10.)  Of course, Plaintiff's allegations concerning the purported transfers through Cleveland Design Consultants do not reflect any such expansive scheme.  Plaintiff therefore falls back on a wholly-unrelated prior tax matter involving Warner from 2014 to try to manufacture a broader scheme.  That effort is meritless.  In determining whether continuity has been alleged, a court must focus on the predicate acts alleged to have occurred as part of the scheme at issue.  *Mir*, 2015 WL 4139435, at *21; *see also Stewart Title Guar. Co.*, 2018 WL 3222610, at *18.  The 2014 tax matter has absolutely no connection to Warner's relationship with Plaintiff or any of the supposed predicate acts in this case.  Plaintiff's transparent attempt to besmirch Warner by raising the unrelated tax matter cannot save her doomed RICO claim.

Plaintiff's final argument is that closed-ended continuity exists because the purported scheme allegedly lasted about two years. (Plaintiff's Opposition, Dkt. No. 46, at 11.)  The supposed length of the scheme, however, is not the dispositive factor in the continuity analysis and courts repeatedly have held that a single fraud targeting

10

a single victim is not actionable even if it spans multiple years. *E.g.*, *Palantir Techs. Inc.*, 2021 WL 2400979, at *7-10 (holding the plaintiff had not alleged continuity even though the defendant was involved in its business for more than half-a-dozen years); *McGowan*, 505 F. Supp. 3d at 1012-13. Plaintiff's reliance on the duration of the alleged scheme thus is misplaced.

Plaintiff's RICO claim, as set forth in the Second Amended Complaint, arises from a single episode directed at a single victim to achieve one central purpose. It is well established that such a scheme cannot satisfy the pattern element as a matter of law. *Sever*, 978 F.2d at 1535-36; *Palantir Techs. Inc.*, 2021 WL 2400979, at *7; *McGowan*, 505 F. Supp. 3d at 1012. Plaintiff's effort to evade that legal principle lacks any support in the law of this circuit, and her attempt to cobble together a newly expanded scheme is undermined by her own complaint. Plaintiff therefore cannot plead a RICO claim based on closed-ended continuity.

**2. Plaintiff Does Not Have Statutory Standing to Bring a RICO Claim.**

Statutory standing is an essential element of a RICO claim. *Quillinan v. Ainsworth*, 2018 WL 2151936, at *4 (N.D. Cal. May 10, 2018). To allege standing, a plaintiff must plead facts plausibly showing (1) that she suffered an injury to her business or property and (2) that the injury was suffered by reason of the alleged RICO violation, "which requires the plaintiff to establish proximate causation." *Id.* In the Motion, Defendants showed that Plaintiff cannot satisfy either requirement by thoroughly analyzing the applicable law and the pertinent allegations in the Second Amended Complaint. In response, Plaintiff relies heavily on the assertion that she "has not had adequate opportunity" to "develop" or "figure out" her claims.[5]

---

[5] RICO was passed to combat long-term, organized crime, and it provides unique remedies designed to impose substantial consequences on the perpetrators of such conduct. Even the allegation of a RICO violation can carry with it meaningful reputational harm. Undeveloped, threadbare RICO claims should not be used as a shakedown tool in a misguided effort to force a settlement. Yet Plaintiff

*(Continued)*

11

1   (Plaintiff's Opposition, Dkt. No. 46, at 12.)   The requirement to plead statutory

2   standing cannot be so blithely disregarded.   RICO was enacted to eradicate

3   organized, long-term criminal activity.   *Royce Int'l Broad. Corp.*, 2000 WL 236434,

4   at *4.   It was not intended to and does not "provide a federal cause of action and

5   treble damages to every tort plaintiff."   *Marina Point Dev. Associates v. United*

6   *States*, 364 F. Supp. 2d 1144, 1148 n.3 (C.D. Cal. 2005) (quoting *Oscar v. Univ.*

7   *Students Co–operative Ass'n*, 965 F.2d 783, 786 (9th Cir.1992)).   The demanding

8   standing requirements imposed by RICO are essential "to keep civil RICO true to" its

9   original conception.   *Id.* at 1148.   If a plaintiff cannot plausibly allege facts that

10  satisfy this "important limitation" on RICO's scope, then her claim must not be

11  allowed to proceed beyond the pleading stage.   *Id.* at 1148 n.3.

12              i.   <u>Plaintiff has not alleged any injury to her business or property</u>

13                   <u>sufficient to confer statutory standing.</u>

14          Under RICO's demanding standing requirements, only certain injuries are

15  cognizable.   In particular, a plaintiff has standing only if she has suffered an injury to

16  her "business or property" that was proximately caused by the purported RICO

17  scheme.   *Quillinan*, 2018 WL 2151936, at *4.   In the Motion, Defendants identified

18  two purported financial harms that Plaintiff might rely upon to establish standing

19  under RICO.   The first was a very small alleged tax liability owed by Cleveland

20  Design Consultants, LLC and the second was the alleged failure to pay purported

21  amounts provided for in a "fictitious agreement" with Cleveland Design Consultants.

22  Defendants explained in the Motion why neither of those supposed injuries could

23  provide Plaintiff with standing under RICO based the factual allegations of the

24

25

---

26  acknowledges throughout her Opposition that she does not have the facts to support a

27  RICO claim after more than a year of investigation.   Plaintiff's reckless efforts to
    manufacture a RICO should not be allowed to continue further in this litigation.

28

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Seconded Amended Complaint and the governing law.  Plaintiff's Opposition offers no sound response.

In the Motion, Defendant explained that a small tax liability allegedly owed by Cleveland Design Consultants cannot provide standing to Plaintiff because injuries to third parties are not cognizable under RICO.  (Motion, Dkt. No. 44-1, at 17-19); *Hill v. Opus Corp.*, 841 F. Supp. 2d 1070, 1096 (C.D. Cal. 2011).  According to Plaintiff's own allegations, the tax liability is owed not by her individually but rather by the LLC, which has a separate corporate existence.  (SAC, Dkt. No. 41, ¶ 110); *In re Opus E., LLC*, 528 B.R. 30, 57 (Bankr. D. Del. 2015) (recognizing that the corporate identity of LLCs is respected under Delaware law); *Smith v. McNulty*, 2020 WL 3866948, at *4 (Cal. Ct. App. July 9, 2020) (same under California law). Plaintiff does not contend otherwise in her Opposition.  Moreover, Plaintiff has not paid the tax or otherwise experienced any harm from it, and she cannot face any liability for the tax because, according to her own allegations, the LLC was fraudulently created without her permission.  (SAC, Dkt. No. 41, ¶ 110.)  Again, in her Opposition, Plaintiff does not dispute that reading of her allegations.  Even if Plaintiff were to try to allege entirely different facts supposedly showing an indirect effect from the tax, she still would not have standing because derivative injuries are not actionable under RICO.  *Ahn v. Hanil Dev., Inc.*, 471 Fed. App'x. 615, 617 (9th Cir. 2012); *see also* Motion, Dkt. No. 44-1, at 18-19 (collecting authority).  Yet again, Plaintiff does not argue otherwise.  Plaintiff's failure to offer any meaningful response demonstrates that none is possible.  The alleged tax liability has not caused any injury to Plaintiff's business or property that is cognizable under RICO.

As Defendants explained in the Motion, Plaintiff also cannot obtain RICO standing based on the supposed deprivation of amounts to be paid under the purportedly "fictitious agreement" with Cleveland Design Consultants.  (Motion, Dkt. No. 44-1, at 19-21.)  There are three reasons for that conclusion.  First, according to Plaintiff's own allegations, the agreement was "***fictitious***," meaning it

13

cannot have created any property interest in purported future payments.  (SAC, Dkt. No. 41, ¶ 112) (emphasis added); *see Hill*, 841 F. Supp. 2d at 1099-100 (dismissing a RICO claim where the plaintiffs failed to allege facts showing they had a specific right to the funds at issue).  Second, the "fictitious agreement" was supposed to be with Cleveland Design Consultants (not Plaintiff), (SAC, Dkt. No. 41, ¶ 21), meaning any purported failure to pay would have harmed only Cleveland Design Consultants directly and at most had a derivative effect on Plaintiff that is not cognizable under RICO.  *Ahn*, 471 Fed. App'x. at 617.  Third, statutory standing can arise only from an injury that was proximately caused by allegedly illegal predicate acts.  *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 981 (9th Cir. 2008).  Here, there is no such causal connection between the supposed predicate acts (identity theft and wire fraud) and the alleged non-payment.  *Quillinan*, 2018 WL 2151936, at *5 (dismissing a RICO claim predicated on an eviction from a storage space where the eviction was not caused by the predicate acts).  In her Opposition, Plaintiff does not dispute Defendants' reading of her allegations or the legal principles on which Defendants' argument relies.  In fact, Plaintiff does not even mention the "fictitious agreement" or the supposed deprivation of associated payments in her brief.  As Defendants' unrebutted argument establishes, Plaintiff cannot obtain standing under RICO from the purported payments provided for in a "fictitious agreement" with Cleveland Design Consultants.

Faced with the wealth of authority relied upon by Defendants, Plaintiff cites to only one case concerning RICO standing, *Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharmaceuticals Co. Ltd.*, 943 F.3d 1243 (9th Cir. 2019).  But it is of no help to her.  In *Painters & Allied*, the defendant pharmaceutical companies perpetrated a fraudulent scheme to sell a drug by actively concealing a known risk of bladder cancer.  *Id.* at 1246-47.  Crucially, the plaintiffs all were either (1) patients who made payments out of their own pocket for the drug or (2) a third-party payor company that made payments to purchase the drug on behalf of its

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

1   members out its own pocket.  *Id.* at 1247.  In other words, the plaintiffs suffered a
2   direct financial injury because they made payments using their own funds that they
3   would not have made but for the scheme.  Plaintiff has not alleged any such
4   deprivation of her own property in this case.

5       Although Plaintiff asserts in her Opposition that she has suffered a "financial
6   burden," she fails to identify the supposed "burden" much less show that, under the
7   law, it provides a basis for standing under RICO.  (Plaintiff's Opposition, Dkt. No.
8   46, at 10.)   Plaintiff does not offer any meaningful response to Defendants'
9   arguments showing that neither of the two "financial burdens" refenced in the
10  complaint – Cleveland Design Consultants' alleged tax liability and purported loss of
11  payments – constitutes a cognizable RICO injury to Plaintiff.  She also does not
12  claim that she endured some additional burden that Defendants overlooked in the
13  Motion, and certainly none is alleged in the Second Amended Complaint.  Therefore,
14  Plaintiff has not plausibly alleged that she suffered any financial burden sufficient to
15  provide her with standing under RICO.

16              ii.   Any alleged personal injury suffered by Plaintiff cannot confer
17                    statutory standing.

18      In the Opposition, Plaintiff claims that she has statutory standing because she
19  suffered "emotional distress" and "identity theft."  (*Id.* at 10.)  As Defendants noted
20  in the Motion, however, RICO requires an injury to "business or property."
21  *Quillinan*, 2018 WL 2151936, at *4.  Personal injuries are not cognizable under
22  RICO.  *Ainsworth v. Owenby*, 326 F. Supp. 3d 1111, 1123 (D. Or. 2018); *see also*
23  *Oren v. Dromy*, 2019 WL 12383079, at *1 (C.D. Cal. Nov. 21, 2019).  That principle
24  extends to emotional distress and other dignitary or privacy harms.  *Oren*, 2019 WL
25  12383079, at *1; *see also Ainsworth*, 326 F. Supp. 3d at 1123.  Plaintiff does not
26  address this dispositive principle of law in her Opposition or cite any authority
27  allowing a RICO claim to proceed based on allegations of emotional distress or

28

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

identity theft.   Under well established law, Plaintiff's personal injuries are not sufficient to confer statutory standing on her.

### 3.  Plaintiff Has Not Alleged the Existence of an Enterprise.

To state a RICO claim, a plaintiff must allege the existence of an enterprise. *Aversano v. Greenberg Traurig, LLP*, 753 F. Supp. 2d 1063, 1065 (C.D. Cal. 2010). Defendants argued in their Motion that Plaintiff has not properly pled that element under either the plausibility standard or the heightened standard of Federal Rule of Civil Procedure 9(b), which applies because Plaintiff's RICO claim sounds in fraud. (Motion, Dkt. No. 44-1, at 21-24.)  Plaintiff does not respond to that argument in her Opposition.  In fact, she makes no more than a passing reference in one sentence to the enterprise element. (Plaintiff's Opposition, Dkt. No. 46, at 13.)  Plaintiff's failure to develop an argument or support it with legal authority constitutes waiver. *Yeganeh*, 2021 WL 5113221, at *10; *Hernandez*, 2021 WL 4497934, at *8.

The Court need not rest its ruling solely on waiver.  In the Motion, Defendants cited substantial legal authority, analyzed the allegations in Plaintiff's Second Amended Complaint, and explained why Plaintiff has not properly alleged the existence of an enterprise.  (Motion, Dkt. No. 44-1, at 21-24.)  That argument need not be repeated here in light of Plaintiff's failure to respond.  But it remains sound on the merits.

Because Plaintiff has waived any argument that she properly pled the existence of an enterprise and, on the merits, has not done so, her RICO claim must be dismissed.

## C.  PLAINTIFF CANNOT DISREGARD THE PLEADING REQUIREMENTS IMPOSED BY THE FEDERAL RULES OF CIVIL PROCEDURE.

In apparent recognition of the deficiencies in the Second Amended Complaint, Plaintiff repeatedly attempts to excuse her inability to allege essential elements of her claims by speculating vaguely about information she imagines she might obtain in

16

discovery.   (*E.g.,* Opposition, Dkt. No. 46, at 12) ("Plaintiff has not had adequate opportunity through discovery to develop her claims . . . ."); *see also id.* at 4, 12-13). In essence, Plaintiff wants to conduct a fishing expedition in the hope that she can generate a viable quiet title or RICO claim during discovery even though she cannot plead one now.

That reflects a fundamental misunderstanding of the applicable legal standards. Plaintiff bears the burden of alleging "sufficient factual matter" to "state a claim to relief that is plausible" on the face of the complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  She "is not entitled to discovery to determine *if* [she] can state a claim." *Sean Cheung Tong*, 2018 WL 2207127, at *3   (emphasis added).   Rather, Plaintiff must satisfy the pleading standards imposed by the Federal Rules of Civil Procedure "*before* the discovery stage." *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014); *see also Pallamary v. Elite Show Services, Inc.*, 2018 WL 3064933, at *4 (S.D. Cal. June 19, 2018) (rejecting the plaintiff's assertion that the case should proceed to discovery because the pertinent facts were in the sole control of the defendants).  Plaintiff has not and cannot do so here for the reasons explained in the Motion and above. Plaintiff's speculation about discovery thus cannot prevent dismissal.

**D.**   **PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO RE-PLEAD.**

In the Motion, Defendants explained why the Court should dismiss Plaintiff's quiet title and RICO claims with prejudice.  As Defendants noted, leave to re-plead should not be granted if either a plaintiff has repeatedly failed to cure deficiencies or an amendment would be futile. *Palantir Techs. Inc.*, 2021 WL 2400979, at *4.  Both conditions are present here because Plaintiff has failed to properly plead either claim after three opportunities to do so and both claims suffer from threshold legal deficiencies that cannot be cured.

In her Opposition, Plaintiff largely ignored her repeated failures to cure the deficiencies with her claims.  Plaintiff did not deny that she already has had three

17

1   chances to plead those claims.  And she did not deny that, during the course of those

2   amendments, Defendants expressly identified the deficiencies raised in the Motion to

3   Dismiss.   Plaintiff's inability to state a claim after multiple opportunities alone

4   justifies dismissal with prejudice.

5       The authority cited by Plaintiff does not support a contrary conclusion.

6   Plaintiff relies primarily on *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048

7   (9th Cir. 2003).   In that case, however, the plaintiffs had only ***one*** opportunity to

8   plead the theories challenged by the motion to dismiss.  *Id.* at 1053.  As the Ninth

9   Circuit emphasized, it was "not a case where [the] plaintiffs took 'three bites at the

10  apple.'"   *Id.*   That is exactly what has occurred here, though.   In each of her three

11  complaints, Plaintiff has asserted quiet title and RICO claims arising from the same

12  set of facts and based on the same legal theory.  She failed each time to state a viable

13  claim and cure the deficiencies identified by Defendants.  *Eminence* thus is entirely

14  inapposite.

15      Plaintiff's argument fares no better with respect to the second basis for

16  dismissal with prejudice – the futility of any amendment.  Defendants have explained

17  in the Motion and above why Plaintiff's quiet title and RICO causes of action suffer

18  from deficiencies that cannot be cured because of the governing legal principles and

19  the nature of the claims.   In response, Plaintiff did not even attempt to detail any

20  amendment she might make to address those failings (because no such amendments

21  are possible).  Instead, Plaintiff offered nothing more than a conclusory assertion that

22  she could amend to "identify all damages caused by . . . [the] RICO violations."

23  (Plaintiff's Opposition, Dkt. No. 46, at 13.)  Such hollow speculation cannot prevent

24  a dismissal with prejudice.  The notion that Plaintiff actually can allege any new facts

25  about other supposed RICO "damages" is entirely undercut by her lack of detail, as

26  well as her track record of inadequate amendments in this case.   Moreover, no

27  amendment about supposed additional "damages" could save Plaintiff's claims

28  because such damages have no bearing on Defendants' arguments regarding

18

Plaintiff's quiet title claim or her failure to plead the pattern and enterprise elements of RICO.  Any amendment thus would be futile.

Again, *Eminence Capital* provides no support for the contrary conclusion pressed by Plaintiff for several reasons.  First, as the Ninth Circuit emphasized, the plaintiffs in *Eminence Capital* asserted claims that were legally cognizable and were dismissed due only to a lack of factual detail.  316 F.3d at 1053.  Here, by contrast, Plaintiff's claims suffer from threshold deficiencies, as explained above.  Second, the *Eminence Capital* plaintiffs identified additional facts and developments that would strengthen their complaint, including the issuance of a new special committee report.  *Id.* at 1053.  Plaintiff has not done so in this case.  Third, *Eminence Capital* involved claims under the Private Securities Litigation Reform which, the Ninth Circuit emphasized, imposes "unprecedented" pleading requirements that require an unusual amount of "trial and error" to satisfy.  *Id.* at 1052.  In this action, Plaintiff has not asserted any such claims.  Plaintiff's reliance on *Eminence Capital* thus is misplaced.[6]

After three bites at the apple, Plaintiff still has not stated a viable quiet title or RICO claim.  Plaintiff failed to cure the deficiencies with those claims even after Defendants expressly identified them to her.  No cure is possible because of the nature of Plaintiff's claims and the fundamental legal principles that govern them.  Plaintiff's inability to provide even a colorable description of any potential amendment in her Opposition confirms as much.  Under these circumstances, Plaintiff should not be given yet another opportunity to replead her quiet title and RICO claims.

---

[6] The only other authority cited by Plaintiff on the issue of leave to re-plead – *Jewel v. National Security Agency* – has no bearing on this case as it involved a district court's *sua sponte* dismissal of a complaint on a basis not raised or argued by the parties. 673 F.3d 902, 906-07 (9th Cir. 2011).

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

## II.  CONCLUSION

For the reasons stated in the Motion and above, Defendants H. Ty Warner and Fairway BB Property, LLC respectfully request that the Court dismiss, without leave to re-plead, Plaintiff Kathryn Zimmie's claims for Quiet Title (Third Cause of Action) and Fraud/Civil RICO (Seventh Cause of Action).


Dated:  January 18, 2022

*/s/ Jared M. Katz*

By: _____

Jared M. Katz (SBN 173388)
    jkatz@mullenlaw.com
MULLEN & HENZELL L.L.P.
112 East Victoria Street
Santa Barbara, CA  93101
Telephone:      (805) 966-1501
Facsimile: (805) 966-9204

Gregory J. Scandaglia (pro hac vice)
    gscandaglia@scandagliaryan.com
Therese L. Tully (pro hac vice)
    ttully@scandagliaryan.com
SCANDAGLIA RYAN LLP
55 East Monroe Street, Suite 3440
Chicago, IL 60603
Telephone: (312) 580-2020
Facsimile: (312) 782-3806

*Attorneys for Defendants H. Ty Warner and Fairway BB Property, LLC*

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS