UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 21-07853 AFM                                      Date:  February 15, 2022

Title    Kathryn Zimmie v. H. Ty Warner, and Fairway BB Property, LLC

Present: The Honorable:    ALEXANDER F. MacKINNON, U.S. Magistrate Judge

| Ilene Bernal | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):  Defendants' Motion to Dismiss the Third and Seventh Causes of Action in Second Amended Complaint (ECF 44)**

On November 19, 2021, Plaintiff filed a second amended complaint ("SAC"), alleging seven causes of action: (1) breach of express contract, (2) breach of implied contract, (3) quiet title, (4) intentional infliction of emotional distress, (5) negligent infliction of emotional distress, (6) conversion, and (7) a violation of RICO. (ECF 41.) On January 4, 2022, Defendants H. Ty Warner ("Warner") and Fairway BB Property, LLC's ("Fairway") filed a motion to dismiss the Third and Seventh Causes of Action. (ECF 44.) Based on the parties' briefs and the arguments of counsel at the February 8, 2022, hearing and for the reasons discussed below, the Court grants Defendants' motion.

A complaint may be dismissed as a matter of law for failure to state a claim based on (1) lack of a cognizable legal theory or (2) insufficient allegations under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a pleading states a claim on which relief may be granted, the Court accepts as true all well-pled allegations of material fact and construes them in the light most favorable to the non-moving party. *See Isabel v. Reagan*, 987 F.3d 1220, 1226 (9th Cir. 2021). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 572

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-07853 AFM                                                      Date:   February 15, 2022

Title         Kathryn Zimmie v. H. Ty Warner, and Fairway BB Property, LLC

U.S. 744, 755 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). The Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'. . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)). Ruling on a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." *Id.* at 679 (internal quote marks and citation omitted).

Third Cause of Action of SAC (Quiet Title Claim Against Warner and Fairway):

In the SAC generally, Plaintiff alleges that she and Warner shared a lengthy personal relationship. (*See* ECF 41 at 2-3.) Beginning in 2005, Plaintiff and Warner wore wedding rings and held themselves out to the public as married. (ECF 41 at 4.) It is alleged that Warner promised Plaintiff that they were equal partners in their mutual endeavors and that she would be financially secure. In exchange, Plaintiff devoted her skills, labors, time and attention to Warner and his projects. At the same time, Plaintiff alleges that she passed up various personal career opportunities of her own. During their relationship, Warner acquired financial, personal, real property, and other business interests. (ECF 41 at 3-10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 21-07853 AFM                                                                 Date:   February 15, 2022

Title     Kathryn Zimmie v. H. Ty Warner, and Fairway BB Property, LLC

     In her Third Cause of Action, Plaintiff alleges that around 2000, Warner purchased the property at 1000 Channel Drive in Santa Barbara and expressly stated that it was their home together. (ECF 41 at 10.) In 2001, Warner began construction of a home located at 1000 Channel Drive. Plaintiff and Warner were domiciled in the home from 2010 until 2020. (ECF 41 at 3.) The SAC alleges that Plaintiff and Warner "considered themselves to be equal owners of the aforementioned property, regardless of how title was held." (ECF 41 at 10.) In 2004, title to the property was transferred by Warner from his company HTW, LLC to Defendant Fairway. (ECF 41 at 10.) Title is now held solely by Fairway. (ECF 41 at 10.) The SAC also alleges that Fairway is owned and controlled by Warner. (ECF 41 at 10-11.)

     A quiet title cause of action has two elements: (1) "the plaintiff is the owner and in possession of the land," and (2) "the defendant claims an interest therein adverse to [the plaintiff]." *South Shore Land Co. v. Petersen,* 226 Cal. App. 2d 725, 740 (1964); *see West v. JPMorgan Chase Bank, N.A.,* 214 Cal. App. 4th 780, 802-803 (2013); Code Civ. Proc., § 761.020. Under California law, the holder of equitable title generally cannot maintain a quiet title action against a legal owner. *See G.R. Holcomb Estate Co. v. Burke*, 4 Cal.2d 289, 297 (1935) ("It has been repeatedly held in this state that an action to quiet title will not lie in favor of the holder of an equitable title as against the holder of a legal title"); *Warren v. Merrill*, 143 Cal. App. 4th 96, 113 (2006) ("an action to quiet title cannot be maintained by the owner of equitable title as against the holder of legal title").

     The SAC does not allege that Plaintiff has, or ever had, legal title to the Channel Drive property. To the contrary, Plaintiff concedes that legal title is held by Fairway and alleges for herself solely an equitable interest in the property based on an oral promise by Warner. California law is clear that Plaintiff, as the holder of an equitable interest at most, cannot maintain an action to quiet title. *See, e.g., Kempis v. NCB, FSB*, 2015 WL 7571746, at *4 (Cal. Ct. App. Nov. 24, 2015) (unpublished) (finding that plaintiff could not proceed in quiet title action because she "concede[d]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-07853 AFM                                                                    Date:   February 15, 2022

Title   Kathryn Zimmie v. H. Ty Warner, and Fairway BB Property, LLC

that she had only an equitable interest in the property, based on [third party's] alleged promise ... to transfer ... interest to her.").[1]

     As the parties recognize, there is a limited exception to the general rule for cases in which "legal title has been acquired through fraud." *Liberty Nat'l Enterprises, L.P. v. Chicago Title Ins. Co.*, 217 Cal. App. 4th 62, 81 (2013) (quoting *Warren*, 143 Cal. App. 4th at 114); *see also*, *Strong v. Strong,* 22 Cal.2d 540, 545-546 (1943) (equitable rights could not be established in quiet title action absent finding of fraud); *see generally*, 5 Witkin, Cal. Procedure (2020) Pleading, § 667 ("plaintiff who attacks the legal title on equitable grounds is in effect contending that the defendant obtained legal title by fraud or similar inequitable conduct, and must specifically allege the facts constituting that conduct").  In opposition to Defendants' motion to dismiss, Plaintiff references this fraud exception and makes a conclusory argument that "[t]his case meets that exception." (ECF 46 at 8 (citing *Banks v. Wells Fargo Bank, N.A.*, 2020 WL 5495154, at *7-8 (Cal. Ct. App. Sept. 11, 2020), *reh'g denied* (Sept. 30, 2020) (unpublished)).) Plaintiff, however, does not explain how her allegations fall within this limited exception. She fails to identify any allegations of fraud or breach of fiduciary duty in obtaining title on behalf of the legal title owner – that is, Defendant Fairway. A review of the SAC confirms that such allegations are absent. While the SAC includes allegations that Warner represented that the property belonged to both Plaintiff and Warner, that is insufficient to fall within the limited exception for cases in which the legal title holder obtained title via fraud or breach of fiduciary duty. *See Leeper v. Beltrami*, 53 Cal.2d 195, 214 (1959) ("where the legal title is in the defendant, and the plaintiff seeks to quiet title on the ground defendant's title was secured from plaintiff by fraud, the plaintiff must plead and prove facts constituting

---

[1] The cases upon which Plaintiff relies for her equitable entitlement to the Channel Drive property – namely, *Alderson v. Alderson*, 180 Cal. App. 3d 450 (1986), and *Marvin v. Marvin*, 18 Cal.3d 660 (1976) – stand for the proposition that nonmarital partners can enter legally enforceable implied contracts. While these cases may support a breach of contract claim, neither case hold that a promise regarding real property is sufficient to sustain a quiet title action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-07853 AFM                                             Date:   February 15, 2022

Title   Kathryn Zimmie v. H. Ty Warner, and Fairway BB Property, LLC

the fraud."); *cf. Warren*, 143 Cal. App. 4th at 110-112 (quieting title in condominium purchaser where real estate agent breached fiduciary duty to purchaser by deliberately and falsely promising to place plaintiff's name on title but fraudulently procuring title to property in her own name). Because Plaintiff does allege any factual basis for an assertion that legal title to the property was acquired by Fairway through fraud, the Third Cause of Action fails to allege the fraud exception to the required elements of a quiet title claim.

Accordingly, the motion to dismiss is granted as to the Third Cause of Action, and the quiet title claim against Warner and Fairway is dismissed.

Seventh Cause of Action (Civil RICO Claim Against Warner):

In the Seventh Cause of Action, the SAC purports to state a civil RICO claim based on the following allegations:  In 2018, Warner formed an enterprise with certain unidentified individuals who used Plaintiff's identity to form a Delaware limited liability company (Cleveland Design Consultants, LLC). The enterprise wired funds into and through the LLC, which then transferred the funds to other accounts. The wire transfers – which numbered more than fifty – ended in 2020. (ECF 41 at 17-19.)

Warner argues that the SAC fails to allege the foundational requirements for a RICO claim. Among other things, Warner contends that the SAC fails to allege facts showing continuity of criminal activity necessary to constitute a pattern of racketeering activity. (ECF 44-1 at 15-22.)

To state a RICO claim, a plaintiff must allege that "the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002); *see* 18 U.S.C. § 1962(c). With respect to the "pattern" requirement, a RICO claim requires that the predicate criminal acts be "continuous." *Allwaste, Inc. v. Hecht*, 65

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 21-07853 AFM                                            Date:   February 15, 2022

Title       Kathryn Zimmie v. H. Ty Warner, and Fairway BB Property, LLC

F.3d 1523, 1527 (9th Cir. 1995) (quoting *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 (1989)).

"The continuity requirement reflects Congress 'concern[ ] in RICO with long-term criminal conduct.'" *Mocha Mill, Inc. v. Port of Mokha, Inc.*, 2019 WL 1048252, at *10 (N.D. Cal. Mar. 5, 2019) (quoting *H.J.*, 492 U.S. at 240). "Continuity is both a closed- and open-ended concept, referring either to a closed period of repeated conduct or to past conduct that by its nature projects into the future with a threat of repetition." *Id.* at 241.

"Closed-ended continuity is established by showing that related predicate acts occurred over a substantial period of time." *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1527 (9th Cir. 1995); *Sw. Reg'l Council of Carpenters v. McCarron*, 2014 WL 12820703, at *4 (C.D. Cal. Dec. 23, 2014). "[T]he Ninth Circuit has explained that activity spanning only a matter of months, involving a single victim, with a singular goal, cannot sustain a RICO claim." *Mocha Mill,* 2019 WL 1048252, at *10 (citing *Medallion Television Enterprises, Inc. v. SelecTV of California, Inc.*, 833 F.2d 1360, 1363 (9th Cir. 1987)). A "single episode," containing multiple predicate acts, "having the singular purpose of impoverishing [the plaintiff]," with "no suggestion that these defendants…ever intended anyone but [plaintiff] any harm" also cannot sustain a RICO claim. *Mocha Mill*, 2019 WL 1048252, at *10 (quoting *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992)).

"Open-ended continuity is the threat that criminal conduct will continue into the future," and "[i]t is established by showing either that the predicate acts include a specific threat of repetition extending indefinitely into the future or that the predicate acts were part of an ongoing entity's regular way of doing business." *Palantir Techs. Inc. v. Abramowitz*, 2021 WL 2400979, at *6-7 (N.D. Cal. June 11, 2021).

Here, dismissal of the Seventh Cause of Action is warranted because the SAC fails to satisfy the continuity requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-07853 AFM                                                                           Date:   February 15, 2022

Title   Kathryn Zimmie v. H. Ty Warner, and Fairway BB Property, LLC

*Closed-Ended Continuity*

"RICO's continuity requirement is not satisfied if plaintiffs have merely alleged a single fraud perpetrated on a single victim." *United Energy Owners Comm., Inc. v. U.S. Energy Mgmt. Sys., Inc.*, 837 F.2d 356, 360 (9th Cir. 1988) (internal quotation marks omitted); *accord Palantir Techs. Inc.*, 2021 WL 2400979, at *6-7; *Shwurong Lee v. Bank of New York Mellon*, 2016 WL 8729924, at *9 (N.D. Cal. Dec. 9, 2016). The number of victims is of primary import as the Ninth Circuit rarely upholds a finding of continuity where there is only a single victim. *See Sever*, 978 F.2d at 1535 (affirming dismissal of RICO claim, explaining that "although [plaintiff] alleges a number of "acts," APC's collective conduct is in a sense a single episode having the singular purpose of impoverishing [plaintiff], rather than a series of separate, related acts").

Here, the SAC's allegations describe activities directed toward a single fraudulent scheme – the formation of the LLC without Plaintiff's knowledge or consent – perpetrated on a single individual.

In her opposition to the motion to dismiss, Plaintiff argues that the "common purpose" referred to in the SAC "relates to Warner and his business partner's (the Enterprise's) efforts to channel money through fraudulent corporations." (ECF 46 at 9.) There are at least two problems with this argument. First, Plaintiff mischaracterizes the allegations of the SAC. The SAC clearly alleges the fraudulent formation of a single LLC. As set forth above, that allegedly fraudulent act was an isolated and discreet one. Second, Plaintiff makes a sweeping argument that the "scheme" involved "efforts to channel money," thereby suggesting that the predicate criminal activity consisted of illegal monetary transactions. The single fraudulent act alleged as part of the RICO claim, however, is the creation of the LLC.

Although the SAC includes allegations that fifty wire transfers were made over the course of the existence of the LLC – and despite use of the word "funneled" – it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-07853 AFM                                              Date:   February 15, 2022

Title   Kathryn Zimmie v. H. Ty Warner, and Fairway BB Property, LLC

fails to allege that those transfers themselves constituted criminal or unlawful activity. Racketeering activity includes, among other things, mail and wire fraud. *See* 18 U.S.C. § 1961(1). The elements of wire fraud are (1) a scheme to defraud, (2) the use of the wires to further that scheme, and (3) the specific intent to defraud. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig. ("VW Franchise Dealers")*, 2017 WL 4890594, at *11 (N.D. Cal. Oct. 30, 2017) (citing *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014)). The "scheme to defraud" element requires "an affirmative, material misrepresentation." *VW Franchise Dealers*, 2017 WL 4890594, at *11 (citing *United States v. Green*, 592 F.3d 1057, 1064 (9th Cir. 2010). The SAC fails to allege that the individual wire transfers involved a scheme to defraud or that affirmative, material representations were made in order to instigate or effectuate those transfers. Moreover, general allegations of fraud lack the specificity to meet Rule 9(b)'s heightened pleading standard for fraud. *See Palantir Techs. Inc.*, 2021 WL 2400979, at *6 (complaint alleging RICO violation failed to adequately plead fraud with requisite particularity).

Absent more specific allegations, the transfers of money into or out of the LLC are, at most, part of a single "wrong" – that is, operating a fraudulent LLC. *See, e.g., Sever*, 978 F.2d at 1532-1535 (finding continuity requirement not met and explaining "although Sever alleges a number of 'acts,' APC's collective conduct is in a sense a single episode having the singular purpose of impoverishing Sever, rather than a series of separate, related acts");[2] *Palantir Techs. Inc.*, 2021 WL 2400979, at *8-9 (finding

---

[2] In *Sever*, the plaintiff alleged that his former employer, Alaska Pulp Corporation, and a number of management employees (collectively, "APC") took retaliatory actions against him and effectively prevented him from finding other work in his town because APC "blacklisted" him. *Sever*, 978 F.2d at 1532 The plaintiff alleged that APC engaged in a pattern of racketeering activity that damaged his ability to "obtain employment or earn a living." *Id*. at 1533. The Ninth Circuit found that these allegations did not satisfy the continuity requirement established by the Supreme Court in *H.J. v. Northwestern Bell*. *Sever*, 978 F.2d at 1535.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 21-07853 AFM                                                                  Date:  February 15, 2022

Title        Kathryn Zimmie v. H. Ty Warner, and Fairway BB Property, LLC

the continuity requirement not met, explaining "there is a single victim (Palantir) and acts that can properly be characterized as a single episode (stealing Palantir's confidential and proprietary information) for a single purpose (establishing competing businesses based on Palantir's own technology)").

Plaintiff cites authority for the proposition that "predicate acts carrying out a single scheme or occurring over a short period of time meet §1962's pattern requirement." (ECF 46 at 11 (citing *Gelow v. Cent. Pac. Mortg. Corp.*, 2008 WL 436935, at *3 (E.D. Cal. Feb. 14, 2008)).) This reliance on *Gelow* is unpersuasive. In that case, the plaintiffs alleged that the defendants repeatedly used the U.S. Postal Service, and telephone, fax, and Internet communications to make misrepresentations perpetuating a scheme depriving plaintiffs of the funding of individual branch manager accounts. The court explained that the activities alleged constituted predicate acts under § 1961 – namely, embezzlement, mail fraud, and wire fraud. Further, the predicate acts of misrepresentations via mail and wire occurred for a period of approximately seven years. In finding that the complaint was sufficient to withstand a motion to dismiss, the court stated, "[w]hile such activity, if criminal, terminated upon the closure of [the defendants' companies], this fact does not automatically preclude the existence of continuity sufficient for a pattern of racketeering activity." *Gelow*, 2008 WL 436935, at *3.  The fact that the LLC operated for two years and has ceased to exist is not what renders the RICO claim deficient. Rather, as explained above, dismissal is necessary because the SAC's allegations concern a single episode with a single purpose aimed at a single individual rather than a pattern of predicate acts.

*Open-Ended Continuity*

Plaintiff argues that the SAC satisfies the "open-ended continuity standard and points to allegations that Warner used a fraudulent power of attorney to create the LLC "to perpetrate his RICO actions." (ECF 46 at 11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-07853 AFM                                                                 Date:   February 15, 2022

Title   Kathryn Zimmie v. H. Ty Warner, and Fairway BB Property, LLC

To satisfy the open-ended continuity test, "one need only show that the predicates pose a threat of continued criminal activity, such as when the illegal conduct is 'a regular way of conducting [a] defendant's ongoing legitimate business.'" *Ticor Title Ins. Co. v. Florida*, 937 F.2d 447, 450 (9th Cir. 1991) (quoting *H.J.*, 492 U.S. at 243); *Palantir Techs. Inc.*, 2021 WL 2400979, at *10. As discussed earlier, however, Plaintiff's RICO claim is based upon a single act of fraud in creating an LLC. The SAC does not allege conduct that constitutes additional predicate acts. Notwithstanding her conclusory assertions, Plaintiff fails to identify any other "RICO actions" (which the Court assumes refers to predicate acts) such as mail or wire fraud. Accordingly, the SAC has not sufficiently pled open-ended continuity. *See Palantir Techs. Inc*, 2021 WL 2400979, at *10 ("Because Palantir's allegations regarding open-ended continuity rely on alleged fraud regarding patent applications – conduct that does not constitute mail or wire fraud – Palantir has not sufficiently pled open-ended continuity.").

The SAC includes an allegation that Warner's "behavior" in violating RICO is "not unusual as [he] is a convicted felon. In 2015, he was convicted of tax evasion for creating a secret offshore account." (ECF 41 at 18.) Plaintiff argues that the SAC satisfies the "open-ended continuity standard as it is an example of 'past conduct that by its nature projects into the future with a threat of repetition.'" (ECF 46 at 10-11 (quoting *H.J.*, 492 U.S. at 241).) The only "past conduct" she identifies is Warner's "past history of tax evasion." (ECF 46 at 11-12.) Plaintiff suggests that the 2014 conviction can be used to show "a continuing pattern of efforts to engage in tax evasion and fraudulent business transactions." (ECF 41 at 10.) The Court disagrees and rejects the attempt to utilize a 2014 guilty plea for tax evasion as a predicate act for a criminal enterprise alleged to have fraudulently established an LLC in 2018. Plaintiff fails to supply the requisite factual allegations showing that the scheme involving the LLC was related to a pattern of tax evasion or other criminal activity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-07853 AFM                                        Date:   February 15, 2022

Title        Kathryn Zimmie v. H. Ty Warner, and Fairway BB Property, LLC

Accordingly, the motion to dismiss is granted as to the Seventh Cause of Action in the SAC, and the RICO claim against Warner is dismissed.

Request for Leave to Amend

Plaintiff requests that she be granted leave to amend if the Court dismisses her claims. (ECF 46 at 13.) In deciding whether to grant leave to amend, the Court considers the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962); *see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id*. However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id*.

The record here does not reveal undue delay, bad faith or dilatory motive, or undue prejudice to Defendants. Further, Plaintiff has not been provided a prior opportunity to cure deficiencies found by the Court. Accordingly, the Court grants Plaintiff leave to amend to make one further attempt to state valid claims in Third and Seventh Causes of Action. If Plaintiff wishes to amend the quiet title claim and/or the RICO claim, she shall file a Third Amended Complaint no later than **March 9, 2022**, that includes specific, plausible factual allegations that address the deficiencies of those claims as stated herein.

IT IS SO ORDERED.

|  | : |
|---|---|
| **Initials of Preparer** | ib |